**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tony Gaines,
    Petitioner,

vs                                  Case No. 1:07cv347
                                         (Barrett, J.; Black, M.J.)

Warden, Lebanon Correctional
Institution,
    Respondent.

**SUPPLEMENTAL REPORT AND RECOMMENDATION**

       On May 1, 2007, petitioner commenced the instant federal habeas corpus action under 28 U.S.C. § 2254, challenging his 2003 conviction and sentence in Hamilton County, Ohio, on two counts of aggravated vehicular homicide stemming from a single accident involving one victim and one count of failing to stop and remain at the scene of an accident. Petitioner alleged as grounds for relief that: (1) he "received multiple punishment for the same offense, or for an allied offense of similar import" in violation of the Double Jeopardy Clause; (2) his appellate counsel was ineffective; and (3) his Sixth Amendment right to a jury trial was violated when the trial court imposed maximum, consecutive prison terms "without jury participation in fact-finding of aggravating sentencing factors." (Doc. 6, pp. 6, 8, 9).

On March 28, 2008, after respondent filed a return of writ responding to the petition, petitioner moved to stay and abey this action in part because he had filed a post-conviction petition in the state trial court, which was still pending before that court, raising the claim that he was improperly convicted and subjected to multiple punishments for allied offenses of similar import. (*See* Doc. 12, pp. 2-4 & Ex. A).

On June 16, 2008, the undersigned issued a Report and Recommendation to deny petitioner's motion for stay; to deny with prejudice petitioner's ineffective assistance of appellate counsel claim and claim of a Sixth Amendment violation at sentencing; and to certify an "uncertain question of state-law" necessary for the resolution of petitioner's remaining double jeopardy claim to the Supreme Court of Ohio. (Doc. 14).

On March 31, 2009, the District Court declined to adopt the undersigned's June 16, 2008 Report and Recommendation and remanded the matter "for consideration ... in light of the recent decisions in *State v. Winn,* No. 2007-1842, 2009 WL 72326[8] (Ohio March 17, 2009) (slip op.) and *State v. Moore*, No. C-70421, 2008 WL 3544342 (Ohio Ct. App. Aug. 15, 2008) (unpublished), *appeal denied,* ... No. 2008-1919 (Ohio Jan. 28, 2009)." (Doc. 24). In a second Order filed on April 2, 2009, the Court clarified that in light of the recent state court decisions cited in the March 31, 2009 Order, "[s]pecifically, the Magistrate Judge should reconsider Petitioner's Motion To Stay and Hold proceedings in abeyance (Doc. 12)." (Doc. 25).

The recent state court decisions cited in the remand orders pertain to petitioner's double jeopardy claim, which the undersigned had recommended should be stayed pending certification of an "uncertain question of state-law" to the state supreme court–specifically, whether under current Ohio law, as clarified in *State v. Cabrales,* 886 N.E.2d 181 (Ohio 2008), the two aggravated-vehicular-homicide offenses stemming from a single accident involving one victim constitute "allied offenses of similar import." (*See* Doc. 14, pp. 18-27).

After the Report and Recommendation was filed in June 2008, the Ohio courts rendered decisions addressing the relevant state-law issue in light of *Cabrales*, which appear to have mooted the need for certification of the question to the state supreme court. Specifically, in *Winn*, the Supreme Court of Ohio held that a defendant's offenses of kidnapping and aggravated robbery, which stemmed from the same conduct, were allied offenses of similar import. *Winn*, ___ N.E.2d

2

___, No. 2007-1842, 2009 WL 723268, at *2-4 (Ohio Mar. 17, 2009) (to be published). Moreover, most importantly, in *Moore,* the First District Court of Appeals addressed the exact issue presented in this case involving multiple convictions for aggravated vehicular homicide. On the basis of *Cabrales,* the state appellate court overruled its prior decision in *State v. Hundley,* No. C-060374, 2007 WL 2019804, at *2-3 (Ohio Ct. App. 1 Dist. July 13, 2007) (unpublished), *appeal dismissed,* 877 N.E.2d 991 (Ohio 2007),[1] and held that a defendant charged with two aggravated-vehicular-homicide offenses stemming from one act that resulted in the death of one victim "may be convicted and sentenced for only one aggravated vehicular homicide." *State v. Moore,* No. C-070421, 2008 WL 3544342 (Ohio Ct. App. 1 Dist. Aug. 15, 2008) (unpublished), *appeal dismissed,* 900 N.E.2d 200 (Ohio 2009).[2]

In this case, appellate counsel filed an *Anders* brief with the First District Court of Appeals on direct appeal from petitioner's conviction and sentence; in the brief, counsel stated that he could not find "anything in the record that might arguably support the appeal," but also set forth claims petitioner wanted to raise on appeal, including a claim challenging the two aggravated-vehicular-homicide convictions because they are "allied offenses of similar import." (*See* Doc. 9, Ex. 7). At that time, *Cabrales* and the cases following *Cabrales* had yet to be decided. Therefore, upon consideration of the entire record and the issues raised by petitioner, the state appellate court affirmed the trial court's judgment on June 15, 2005, finding "no grounds to support a meritorious appeal," and petitioner was denied leave to appeal further to the Supreme Court of Ohio. (*Id.,* Exs. 9, 13).

On March 27, 2008, months after the instant action commenced and respondent filed the return of writ in response to the petition, petitioner's counsel

---

[1] The *Hundley* decision was discussed extensively in the June 16, 2008 Report and Recommendation. (*See* Doc. 14, pp. 23-24). Because *Hundley* was decided by the state appellate court presiding over petitioner's appeals, the decision significantly factored into the undersigned's ultimate determination that the state-law question should be certified to the Supreme Court of Ohio for consideration in light of *Cabrales*.

[2] In *Moore,* the Ohio Court of Appeals reversed concurrent sentences that had been imposed on two aggravated-vehicular-homicide charges; the court ruled that it was "prejudicial plain error" to impose even concurrent sentences because the defendant's criminal record still "would reflect two convictions when he had committed only one criminal act." *Moore, supra,* 2008 WL 3544342, at *1.

3

in this case decided to try again to obtain relief in the state courts. Specifically, although petitioner had already unsuccessfully pursued post-conviction relief based on other claims, counsel filed a second post-conviction petition alleging that petitioner's constitutional "right against multiple sentences for the same offense" was violated by the imposition of consecutive sentences on the two aggravated-vehicular-homicide charges. (Doc. 12, Ex. A). The next day, March 28, 2008, counsel also filed the motion to stay and abey in this case. Fortuitously for petitioner, the Supreme Court of Ohio decided *Cabrales* soon thereafter on April 9, 2008.

In the Report and Recommendation filed June 16, 2008, the undersigned recommended that the motion for stay be denied because petitioner had "not demonstrated 'good cause' for his failure to earlier exhaust [the double jeopardy] claim, which shares the same factual basis as his state-law allied-offense-of-similar-import claim." (Doc. 14, pp. 7-8).

At this juncture, however, it now appears that petitioner may very well prevail on the underlying state-law allied-offense-of-similar-import claim in the pending state post-conviction proceeding given that the First District Court of Appeals recently overruled prior precedents and changed its position in petitioner's favor in light of the Supreme Court of Ohio's decision in *Cabrales* on the very issue facing this Court. *See Moore, supra,* 2008 WL 3544342. At the very least, under current Ohio law governing the underlying state-law issue, it appears that petitioner has alleged a strong claim on the merits in Ground One of the instant petition, which may entitle him to relief to the extent he has been subjected to multiple punishments for the same offense in violation of the Double Jeopardy Clause.

Under *Rhines v. Weber,* 544 U.S. 269, 278(2005), a district court abuses its discretion in denying a stay "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Certainly, as determined in the prior Report and Recommendation, petitioner failed to show "good cause" to the extent he may have failed to explicitly allege a double jeopardy violation earlier in the state court proceedings. On the other hand, there now appears to be "good cause" for petitioner's relatively recent, renewed attempt to have the state courts revisit the state-law issue initially raised in the *Anders* brief. Petitioner has not engaged in intentionally dilatory litigations and, indeed,

4

tried to have it heard on direct appeal. Finally, most importantly, the unexhausted claim is potentially meritorious given the recent development in Ohio law in petitioner's favor on the state-law issue underlying his double jeopardy claim.

It appears upon review of the Hamilton County Clerk of Court's on-line docket records that petitioner's motion for post-conviction relief challenging his convictions and sentences on the two aggravated-vehicular-homicide counts is still pending in the state courts.[3] Because it now appears that the underlying state-law issue raised by petitioner in that petition likely will be resolved in petitioner's favor, comity concerns are raised which indicate that a stay of the instant action while petitioner exhausts the state post-conviction remedy is appropriate.

Accordingly, on reconsideration of petitioner's motion for stay in light of the recent state court decisions in *Winn* and *Moore,* the undersigned concludes that a stay of the instant action is warranted while petitioner pursues relief on the double jeopardy claim asserted in his post-conviction petition filed March 27, 2008 with the Hamilton County Common Pleas Court. (*See* Doc. 12, Ex. A).

Therefore, the recommendation made on June 16, 2008 to deny petitioner's motion for stay is hereby **VACATED**. Instead, it is now **RECOMMENDED** that petitioner's motion for stay of the instant action (Doc. 12) be **GRANTED**, but only to the extent that the case should be held in abeyance while petitioner exhausts his double jeopardy claim in the pending state post-conviction proceeding filed March 27, 2008. The stay should be conditioned on petitioner's filing a motion to reinstate the case within 30 days after fully exhausting the pending state post-conviction remedy discussed herein.

To ensure that judicial and administrative resources are conserved, it is **FURTHER RECOMMENDED** that the stay take the form of an administrative stay and that the case be terminated on the Court's active docket. Petitioner should be granted leave to reinstate the case when he has exhausted his Ohio remedies

---

[3] Because the documents filed on-line in the case are "locked" and thus inaccessible to the public, it is unclear whether the post-conviction motion filed on March 27, 2008 or a later-filed post-conviction petition were ruled on by the trial court. The on-line records reflect only that the trial court denied a petition for post-conviction relief on October 7, 2008. A notice of appeal was filed on November 12, 2008, and it appears that the appeal is pending before the Court of Appeals at this time.

based on a showing that he has complied with the conditions of the stay.

**IT IS SO RECOMMENDED.**

Date:  5/12/09                                                          s/Timothy S. Black
    cbc                                                    Timothy S. Black
                                                                     United States Magistrate Judge

J:\BRYANCC\2009 habeas orders\07-347SuppRR.vacate-stydenial.stay-exh-DJalliedoffense.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Tony Gaines,
  Petitioner

  vs.           Case No. 1:07cv347
              (Barrett, J.; Black, M.J.)

Warden, Lebanon Correctional Institution,
  Respondent

## NOTICE

  Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).