UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tony Gaines,

        Petitioner,

v.

Warden, Mansfield Correctional Institution,

        Respondent.

Case No. 1:07cv347

Judge Michael R. Barrett

**ORDER**

Before the Court is the Report and Recommendation ("R&R") filed by Magistrate Judge J. Gregory Wehrman on September 30, 2010 (Doc. 34), and Respondent's objections thereto (Doc. 40). The R&R addresses Petitioner's amended petition for writ of habeas corpus (Doc. 6).

The Court has reviewed the comprehensive findings of the Magistrate Judge, and considered *de novo* all of the filings in this case. And, upon full consideration of the foregoing, the Court agrees with the R & R, and it is therefore ADOPTED in its entirety. Respondent's objections are OVERRULED.

Accordingly, grounds two and three of Petitioner's amended petition are DENIED with prejudice. A certificate of appealability shall issue with respect to the claim alleged in ground three, but is denied with respect to the claim alleged in ground two. Further, Petitioner's remaining claim alleged in ground one of his amended petition shall be STAYED pending consideration of the following state-law question(s), which are hereby CERTIFIED to the Ohio Supreme Court to answer in accordance with Rule XVIII of the Rules of Practice of the Supreme Court of Ohio:

1

> Whether in this case, which involved a single automobile accident resulting in the death of one victim, Ohio Rev. Code § 2941.25 could be construed at the time of petitioner's conviction and direct appeal in 2005 as permitting a "strict textual comparison" of the elements and a finding in accordance with the First District Court of Appeals' later decision in *State v. Hundley*, No. C-060374, 2007 WL 2019804, at *2-3 (Ohio Ct. App. 1 Dist. July 13, 2007)(unpublished), *appeal dismissed*, 877 N.E. 2d 991 (Ohio 2007), that the two aggravated vehicular homicide charges brought against petitioner under Ohio Rev. Code §§ 2903.06(A)(1)(a) and 2903.06(A)(2) are dissimilar when compared in the abstract; or whether, conversely, at the time of petitioner's conviction and direct appeal in 2005, the proper construction of Ohio Rev. Code § 2941.25 required a finding that the two offenses are of similar import in accordance with the subsequent clarification in *Cabrales* of the *Rance* "abstract elements comparison test," as well as *State v. Palmer*, 898 N.E.2d 960 (Ohio 2008), and the First District Court of Appeals' decision in *State v. Moore*, No. C-070421, 2008 WL 3544243 (Ohio Ct. App. 1 Dist. Aug. 15, 2008) (unpublished), *appeal dismissed*, 900 N.E.2d 200 (Ohio 2009), overruling *Hundley*.

## I.     BACKGROUND

In 2003, Petitioner was indicted on two counts of vehicular homicide under Ohio Revised Code ("ORC") §§ 2906.06(A)(1)(a) and 2906.06(A)(2), and one count of stopping after an accident (leaving the scene of an accident), a violation of ORC § 4549.02.

The State alleged that Petitioner, while driving at an excessive speed, and under the influence of alcohol, lost control and struck a building, causing an accident that killed Antwen Keys, who was a passenger in Petitioner's car. The case went to trial before a jury, and Petitioner was found guilty as charged. On February 26, 2004, the trial court sentenced Petitioner to consecutive, maximum terms of imprisonment totaling 18 years for the two aggravated vehicular homicide counts.

Petitioner appealed his conviction to the First District Court of Appeals for Hamilton County, Ohio. Petitioner's appellate counsel filed an *Anders* brief, stating that he could find no errors of merit to argue on appeal, but that Petitioner wanted seven

points raised. The seven points included in Petitioner's *Anders* brief were: (1) Gaines' arrest was unlawful because there was no warrant; (2) The seizure of Gaines' blood was unlawful; (3) Gaines had ineffective assistance of counsel; (4) Gaines had an all-white jury; (5) The aggravated vehicular homicide convictions are for allied offenses of similar import; (6) Gaines' convictions are based upon insufficient evidence; and (7) Gaines' convictions are against the manifest weight of the evidence. The court of appeals agreed with Petitioner's appellate counsel, and found that the proceedings had been free from prejudicial error. Petitioner appealed that decision to the Ohio Supreme Court, which denied leave to appeal. Petitioner was unsuccessful in pursuing further state post-conviction relief, and in attempting to reopen his direct appeal.

Following his attempts at state court remedies, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Shortly thereafter, Petitioner amended his petition, which included three grounds for relief: first, Petitioner claimed that he received multiple punishments for the same offense; second, Petitioner alleged that his appellate counsel was ineffective for filing an *Anders* brief; and, third, Petitioner argued that he was improperly sentenced to maximum, consecutive terms without a jury participating in the fact finding necessary to impose those terms (Doc. 6).

In the return of writ (Doc. 9), Respondent argued that Petitioner's first ground for relief was procedurally defaulted both because Petitioner had failed to present the claim to the Ohio Supreme Court, and because Petitioner had failed to present it as a constitutional claim, but instead framed the issue as one of state law under Ohio Revised Code § 2941.25.

In response to Petitioner's second ground for relief, Respondent argued that Petitioner improperly pleaded his ineffective assistance of counsel claim because he had failed to present any factual basis for the claim as required by Rule 2(c) of the Rules Governing Section 2254 Proceedings.

Finally, Respondent asserted that Petitioner's third ground for relief was procedurally defaulted because he did not raise the claim on direct appeal. And, that even if Petitioner's claim of ineffective assistance of counsel provided an arguable ground for cause to excuse the procedural default, the claim would also fail because at the time of Petitioner's sentencing, *Blakely v. Washington*, 542 U.S. 296 (2004), the case that Petitioner relied upon to support his claim, had yet to be applied to Ohio's sentencing provisions in a way that would render Petitioner's counsel ineffective for not raising the issue of jury determination of sentencing factors.

Then, on March 28, 2008, Petitioner filed a motion for a stay and abeyance (Doc. 12). Petitioner asked the Court for a stay and abeyance in light of his post-conviction motion in the state trial court which asserted that Petitioner's sentencing was void because it included two consecutive sentences which were allied offenses of similar import under Ohio law (*Id.*).

Respondent filed a response to Petitioner's motion (Doc. 13), arguing that a stay was not appropriate for four reasons: first, because Petitioner had not raised an exhaustion defense; second, because a subsequent decision in the Ohio Supreme Court would have no bearing on Petitioner's ineffective assistance of counsel claim in federal court; third, because Petitioner had proffered no evidence sufficient to support

4

an innocence claim; and, finally, because Petitioner had not shown good cause to excuse his failure to exhaust (*Id.*).

On June 16, 2008, Magistrate Judge Timothy Black issued a report and recommendation to the Court (Doc. 14). The Magistrate Judge recommended that Petitioner's motion for stay be denied, and that claims two and three of the petition be denied. However, the Magistrate Judge also recommended that Petitioner's first ground for relief be stayed while a question on the application of Ohio's allied offense law to Petitioner's sentencing was certified to the Ohio Supreme Court for decision (*Id.*). Both Petitioner (Doc. 18), and Respondent (Doc. 19) filed objections to the Magistrate's report.

On March 31, 2009, this Court issued an Order declining to adopt the Magistrate's report (Doc. 24). The Court remanded the case back to the Magistrate for consideration in light of two new Ohio appellate cases which addressed the issue of allied offenses in a context similar to that found in Petitioner's case (*Id.*).

Following this Court's remand, the Magistrate filed another report and recommendation on May, 13, 2009 (Doc. 26). The Magistrate recommended that Petitioner's motion for stay be granted to the extent that after Petitioner returned to state court to properly exhaust his remedies in light of Ohio's new case law on allied offenses, that he file a motion to reinstate his habeas case in federal court (*Id.*). This Court adopted the Magistrate's recommendation and administratively closed the case pending exhaustion of Petitioner's Ohio remedies (Doc. 27).

Petitioner then returned to state court to exhaust his remedies. However, on October 14, 2008, the Hamilton County Court of Common Pleas denied Petitioner's

5

petition for post-conviction relief on the ground that it lacked jurisdiction to consider the petition.  That decision was affirmed by the Ohio Court of Appeals for the First Appellate District, and subsequently by the Ohio Supreme Court.

On May 13, 2010, Petitioner motioned the Court to reinstate his case, which the Court did on June 22, 2010 (Doc. 30).  The Court also ordered Respondent to file a supplemental return of writ.

Respondent filed a supplemental return of writ on July 27, 2010 (Doc. 32).  In the supplemental writ, Respondent again argued that Petitioner had procedurally defaulted on his double jeopardy claim, and also that Petitioner was not entitled to retroactive application of Ohio case law on the question of allied offenses (Doc. 32).

On September 30, 2010, Magistrate Judge J. Gregory Wehrman issued a report and recommendation that incorporated the proposed denial of grounds two and three of the petition from the June, 2008 R & R, and further recommended that Petitioner's first ground for relief be stayed while a question on the retroactive application of Ohio allied offenses law is certified to the Ohio Supreme Court (Doc. 34).

Respondent filed objections to the report and recommendations of the Magistrate Judge (Doc. 40), arguing that the double jeopardy claim should not be stayed pending certification of a question to the Ohio Supreme Court because Petitioner had procedurally defaulted by not presenting the claim as a federal constitutional issue during his direct appeal in state court.

This case is now ripe for decision.

**II. THE LEGAL STANDARD**

Any dispositive report and recommendation by a magistrate judge is subject to *de novo* review "of those portions of the report or specified proposed findings or recommendations to which objection is made." *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986); 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. Pr. 72(b)(3).

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, the district court shall not grant a petition for a writ of habeas corpus on any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim:

> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Ordinarily, a state prisoner must first exhaust their available state court remedies before seeking habeas relief by fairly presenting all their claims to the state courts. 28 U.S.C. § 2254(b), (c); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *Wilson v. Mitchell*, 498 F.3d 491, 498 (6th Cir. 2007). Normally, the exhaustion requirement is satisfied after the petitioner fairly presents all his claims to the highest court in the state in which the petitioner was convicted, thus giving the state a full and fair opportunity to rule on the petitioner's claims before he seeks relief in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Wilson*, 498 F.3d at 498-99; *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004).

Both the factual and legal basis for the claim must have been presented to the state courts in order to be considered "fairly presented." *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006).  The Sixth Circuit has identified four actions that a petitioner can take which are significant to the determination of whether he has properly asserted both the factual and legal basis for his claim: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law." *Whiting v. Burt*, 395 F.3d 602, 613 (6th Cir. 2005)(quoting *McCeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).

Whether a petitioner's federal habeas claim is barred by procedural default in the state courts is a question of law reviewed *de novo*. *Abela v. Martin*, 380 F.3d 915, 922 (6th Cir. 2004).

### III.   ANALYSIS

#### A.   First Ground for Relief

In his first ground for relief, Petitioner asserts that he received multiple punishments for the same offense, or for an allied offense of similar import (Doc. 6, p. 6).  Petitioner argues that he was convicted of aggravated vehicular homicide of the same victim in two different ways, and received consecutive sentences on both counts for the death of only one victim (*Id.*).

Respondent argues that Petitioner's first ground for relief should be denied for three alternative reasons: first, because Petitioner procedurally defaulted on the claim by not properly presenting it as a federal constitutional issue; second, because the claim

rests on a state law sentencing issue which is not cognizable on habeas corpus review; and, third, because Petitioner has not demonstrated that the Ohio Court of Appeals' decision rejecting his allied offense claim was an unreasonable application of clearly established Supreme Court law, or an unreasonable determination of the facts (Doc. 9).

In the Magistrate's report and recommendation filed September 30, 2010, the Magistrate rejected Respondent's argument that Petitioner's allied offense claim had not been properly presented to the state courts as a federal constitutional issue. The Magistrate found the analysis of the District Court in *Palmer v. Haviland*, No. C-1-04-28, 2006 WL 1308219 (S.D. Ohio May 11, 2006), to be persuasive in deciding whether an allied offense claim was fairly presented as a federal constitutional issue in state court. In *Palmer*, the District Court held that the petitioner had fairly presented allied offenses as a federal constitutional issue because he cited Ohio case law that employed federal constitutional analysis. *Id.* at *5  The Magistrate then went on to point out that "numerous" Ohio decisions had addressed the connection between Ohio's allied offense statute and the Double Jeopardy Clause of the United States and Ohio Constitutions (Doc. 34, p.12).

Further, the Magistrate rejected Respondent's view that Petitioner had waived the double jeopardy claim because Ohio courts relied on adequate and independent state grounds in denying Petitioner's most recent petition for post-conviction relief. The Magistrate pointed out that Petitioner had previously raised the issue in his earlier *Anders* brief on direct appeal (Doc. 34, p.13).

9

The Magistrate then went on to recommend that this Court certify a question to the Ohio Supreme Court as to the proper application of Ohio Revised Code § 2941.25 at the time of Petitioner's conviction and direct appeal in 2005.

In Respondent's Objections to the Magistrate's Report and Recommendation (Doc. 40), Respondent objected to both the Magistrate's determination that Petitioner had fairly presented his allied offense issue as a federal constitutional claim, and the Magistrate's recommendation that this Court certify a question to the Ohio Supreme Court as to the proper application of O.R.C. § 2941.25.

**1.      Did Petitioner fairly present his constitutional claim to the state courts?**

Respondent argues that Petitioner failed to fairly present his allied offense claim as a federal constitutional claim because he failed to cite the federal source on which he relied, failed to cite a case which relied on federal grounds, and failed to label the claim as federal (Doc. 40, p.9). The options quoted by Respondent are the same as those presented by the U.S. Supreme Court in *Baldwin v. Reese*, 541 U.S. 27 (2004), as examples of ways a petitioner could fairly present a federal constitutional claim in state court. However, the Court in *Baldwin* did not hold that a petitioner <u>must</u> use one of these options, simply that they were illustrative of ways a petitioner could "alert the state courts to the federal claim." *Id.* at 32.

This Court agrees with the Magistrate's finding that Petitioner fairly presented his allied offense claim as a federal constitutional issue. The language used by Petitioner was sufficient to alert the state court to the federal Double Jeopardy claim that he was raising.

The language of Petitioner's state court appeal was taken directly from Ohio Revised Code § 2941.25, which the Ohio Supreme Court recently described as "a prophylactic statute that protects a criminal defendant's rights under the Double Jeopardy Clauses of the United States and Ohio Constitutions." *State v. Johnson*, 128 Ohio St.3d 153 at ¶ 45 (2010).  Further, this Court incorporates into this decision the extensive list of Ohio state court decisions quoted in the Magistrate's R & R for the proposition that Ohio's allied offense statute is premised on protecting against violations of the Double Jeopardy Clause of both the Ohio and United States Constitutions (Doc. 34, p.12).

Additionally, it is clear to this Court that Petitioner's Double Jeopardy claim falls within the third possible action for asserting a federal claim under the Sixth Circuit's test in *Whiting*.  Petitioner's use of the phrase "allied offenses of similar import," was "sufficiently particular to allege a denial of a specific constitutional right."  395 F.3d at 612.

For the foregoing reasons, this Court agrees with the Magistrate Judge's determination that Petitioner properly presented his federal claim during the state court proceedings.

**2.      Certification of a state-law question to the Ohio Supreme Court.**

While the Magistrate Judge found that Petitioner had fairly presented his Double Jeopardy claim to the state courts, the proper disposition of Petitioner's first ground for relief requires clarification of Ohio state law at the time of Petitioner's sentencing and appeal.  The Magistrate Judge concluded that three aspects of the case made further clarification of state law necessary: first, the state courts were silent as to their

11

reasoning for affirming Petitioner's state court conviction; second, there was no controlling state court precedent at that time addressing the predicate state-law question in analogous factual contexts; and, third, subsequent state court decisions clarifying Ohio's allied offense law implicated Petitioner's constitutional rights (Doc. 34, p.20). For these reasons, the Magistrate Judge recommended staying Petitioner's first ground for relief, and certifying the following state-law question to the Ohio Supreme Court:

> Whether in this case, which involved a single automobile accident resulting in the death of one victim, Ohio Rev. Code § 2941.25 could be construed at the time of petitioner's conviction and direct appeal in 2005 as permitting a "strict textual comparison" of the elements and a finding, in accordance with the First District Court of Appeals' later decision in *State v. Hundley*, No. C-060374, 2007 WL 2019804, at *2-3 (Ohio Ct. App. 1 Dist. July 13, 2007)(unpublished), *appeal dismissed*, 877 N.E.2d 991 (Ohio 2007), that the two aggravated vehicular homicide charges brought against petitioner under Ohio Rev. Code §§ 2903.06(A)(1)(a) and 2903.06(A)(2) are dissimilar when compared in the abstract; or whether, conversely, at the time of petitioner's conviction and direct appeal in 2005, the proper construction of Ohio Rev. Code § 2941.25 required a finding that the two offense are of similar import in accordance with the subsequent clarification in *Cabrales* of the *Rance* "abstract elements comparison test," as well as *State v. Palmer*, 898 N.E.2d 960 (Ohio 2008), and the First District Court of Appeals' decision in *State v. Moore*, No. C-70421, 2008 WL 3544342 (Ohio Ct. App. 1 Dist. Aug. 15, 2008)(unpublished), *appeal dismissed*, 900 N.E.2d 200 (Ohio 2009), overruling *Hundley*.

Respondent objected to the certification of this question to the Ohio Supreme Court, arguing that under Ohio law, Petitioner could not receive retroactive application of Ohio case law. Respondent argued that at the time of Petitioner's direct appeal concluded in 2005, Ohio's First District Court of Appeals had held that the Ohio legislature intended to impose multiple punishments for the vehicular homicide of one victim where one offense involved abusing alcohol and the other recklessness (Doc. 40,

p.14). Further, Respondent quoted Ohio case law which limits the application of new judicial rules to cases pending on direct review.

This Court finds that while Respondent correctly argues that new criminal rules in Ohio may only be applied prospectively, that the same limitations do not apply to cases involving statutory interpretation. In *Agee v. Russell, Warden*, 92 Ohio St.3d 540 (2001), the Ohio Supreme Court held that the U.S. Supreme Court's holding in *Teague v. Lane*, 489 U.S. 288 (1989), limiting the application of criminal rules to those cases which become final before the rules are announced, was not applicable to cases involving statutory interpretation. *Agee*, 92 Ohio St.3d at 543. In *Agee*, the Ohio Supreme Court explicitly stated, "*Teague* is inapplicable to cases in which a court determines the meaning of a statute enacted by the legislature." *Id.* (quoting *Bousley v. United States*, 523 U.S. 614 (1998)).

The Ohio case law handed down after Petitioner's conviction and direct appeal in this case was focused on interpreting the meaning and proper application of Ohio Rev. Code § 2941.25. In *State v. Cabrales*, 118 Ohio St.3d 54 (2008), the Ohio Supreme Court clarified how to compare the elements of an offense. And, Ohio's First District Court of Appeals, in *State v. Moore*, No. C-70421, 2008 WL 3544342 (Ohio Ct. App. 1 Dist. Aug. 15, 2008)(unpublished), *appeal dismissed*, 900 N.E.2d 200 (Ohio 2009), applied the Ohio Supreme Court's *Cabrales* analysis to hold that "when a defendant commits one act and kills one person, that defendant may be convicted and sentenced for only one aggravated vehicular homicide." *Moore*, 2008 WL at ¶ 9.

Additionally, the Ohio Supreme Court recently further clarified the proper interpretation of Ohio Revised Code § 2941.25. In *State v. Johnson*, 128 Ohio St.3d

153 (2010), the Ohio Supreme Court held that under Ohio's allied offense statute the proper analysis involves two questions: first, whether it is possible to commit one offense and commit the other with the same conduct, and if so, whether the two offenses were actually committed with the same conduct. *Id.* at ¶ 49. If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged. *Id.* at ¶ 50.

In light of the changing interpretation of Ohio Rev. Code § 2941.25 in Ohio's case law, this Court agrees with the Magistrate's recommendation that a state-law question be certified to the Ohio Supreme Court to determine the proper construction of the allied offense statute at the time of Petitioner's conviction and direct appeal.

**B.     Second Ground for Relief**

In his second ground for relief, Petitioner alleged that he was denied effective assistance of counsel on direct appeal. Petitioner supported this claim with the fact that his appellate counsel had filed a no-error *Anders* brief in support of Petitioner's appeal.

In the report and recommendation filed June 16, 2008, the Magistrate Judge found that because it appeared that the state appellate court considered the claims that petitioner sought to have heard on direct appeal, Petitioner had not shown that the result of his appeal would reasonably likely have been different absent counsel's errors. Accordingly, the Magistrate determined that Petitioner was not entitled to habeas relief on that claim. That recommendation was incorporated into the Magistrate Report and Recommendation filed on September 30, 2010.

This Court agrees with the Magistrate's recommendation that Petitioner's second ground for relief be denied. In order to prevail on his ineffective assistance of appellate

14

counsel claim, Petitioner must meet the test promulgated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), by showing first that his counsel's performance was deficient, and second, that he was prejudiced by his counsel's deficient performance. *Id.* at 687. As Respondent and the Magistrate Judge pointed out, Petitioner failed to present any facts to support the assertion that the result of his appeal would have been different if not for the deficient performance of counsel. Therefore, the Court adopts the Magistrate's recommendation on Petitioner's second ground for relief, and it is DENIED.

**C.     Third Ground for Relief**

In his third ground for relief, Petitioner alleged that he was sentenced to maximum, consecutive terms without jury participation in the findings of aggravating factors that contributed to his sentence.

Respondent argued that Petitioner had procedurally defaulted on any sentencing claim in violation of *Blakley v. Washington*, 542 U.S. 296 (2004), and in the alternative, that any alleged *Blakely* error was harmless. Respondent argued that Petitioner must show cause for not presenting his *Blakely* claim in state court, and that Petitioner's previous argument that cause was based on the ineffective assistance of his appellate counsel, was not sufficient to justify relief because Petitioner had failed to show that he was prejudiced by the alleged ineffectiveness of his attorney (Doc. 9, p.16-17).

The Magistrate found that Petitioner had waived the *Blakely* claim he alleged in ground three. The Magistrate agreed with Respondent's position that Petitioner had procedurally defaulted because he had failed to raise the *Blakely* issue in his direct appeal. The Magistrate found that since Petitioner had failed to raise the issue in his

15

direct appeal, he had waived the issue unless he could show either cause for his default, or that failure to consider the claim will result in a "fundamental miscarriage of justice." The Magistrate found that Petitioner had neither argued, nor shown that a fundamental miscarriage of justice will occur if the *Blakely* claim was not considered on the merits.

This Court agrees with the Magistrate's assessment that Petitioner failed to show that his appellate counsel was deficient under the "highly deferential" standard of review required under *Strickland*. With no showing of a fundamental miscarriage of justice, nor a showing of cause for his failure to present the claim to the state appellate courts during his direct appeal, Petitioner procedurally defaulted on his *Blakely* claim, and it is therefore DENIED.

## IV. CONCLUSION

Having reviewed this case in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court hereby ADOPTS the report and recommendation of the Magistrate Judge (Doc. 34) in its entirety. Respondent's objections (Doc. 40) as to the Magistrate's recommendations on ground one of Gaines's petition are hereby OVERRULED.

Accordingly, the Court orders the following:

1. Grounds two and three of Petitioner's amended petition (Doc. 6) are DENIED.
2. A certificate of appealability shall issue with regard to ground three, but not as to ground two.

3. Ground one of Gaines's petition will be STAYED, pending the following question which is to be certified to the Ohio Supreme Court to answer in accordance with Rule XVIII of the Rules of Practice:

Whether in this case, which involved a single automobile accident resulting in the death of one victim, Ohio Rev. Code § 2941.25 could be construed at the time of petitioner's conviction and direct appeal in 2005 as permitting a "strict textual comparison" of the elements and a finding, in accordance with the First District Court of Appeals' later decision in *State v. Hundley*, No. C-060374, 2007 WL 2019804, at *2-3 (Ohio Ct. App. 1 Dist. July 13, 2007)(unpublished), *appeal dismissed*, 877 N.E.2d 991 (Ohio 2007), that the two aggravated vehicular homicide charges brought against petitioner under Ohio Rev. Code §§ 2903.06(A)(1)(a) and 2903.06(A)(2) are dissimilar when compared in the abstract; or whether, conversely, at the time of petitioner's conviction and direct appeal in 2005, the proper construction of Ohio Rev. Code § 2941.25 required a finding that the two offense are of similar import in accordance with the subsequent clarification in *Cabrales* of the *Rance* "abstract elements comparison test," as well as *State v. Palmer*, 898 N.E.2d 960 (Ohio 2008), and the First District Court of Appeals' decision in *State v. Moore*, No. C-70421, 2008 WL 3544342 (Ohio Ct. App. 1 Dist. Aug. 15, 2008)(unpublished), *appeal dismissed*, 900 N.E.2d 200 (Ohio 2009), overruling *Hundley*.

**IT IS SO ORDERED.**

           */s/ Michael R. Barrett*    /
UNITED STATE DISTRICT JUDGE